# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL E. WEAVER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:11-CV-3558-TMP |
| | ) |
| **MADISON CITY BOARD OF** | ) |
| **EDUCATION, et al,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

On October 4, 2011, the plaintiff, Michael Weaver, filed this lawsuit against the defendants, the Madison City Board of Education ("the Board"), and Dee Fowler, in his official capacity as Superintendent of Education for the Madison City Schools. (Doc. 1). The complaint alleges that the defendants violated the Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.*, "by failing to re[-]employ [the plaintiff] to a proper position because of his membership in the uniformed services." (Doc. 1 at 1). Since Fowler is named only in his official capacity, his presence as a defendant serves only as a means of naming the Board itself; the only real defendant in this matter. *See, Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (*quoting Monell v.*

*New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978)) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.").

This case comes before the court on the defendants' motion to dismiss this case for lack of subject matter jurisdiction. (Doc. 17). In that motion, the defendants argued that the Board is an "arm of the state," and any action against it under the USERRA is therefore barred by the Eleventh Amendment of the United States Constitution. (Doc. 17 at 2). The plaintiff disputed that the Board is an arm of the state. (Doc. 32 at 38-64). He also argued that, even if the defendant is an "arm of the state," Eleventh Amendment immunity does not apply because the USERRA was enacted pursuant to Congress's constitutional War Powers. (Doc. 32 at 24-37). The United States intervened in this matter on September 20, 2012. (Doc. 37). It filed its brief in this matter on October 4, 2012, and also argued that the Board is not an arm of the state. (Doc. 41).

On May 29, 2013, Magistrate Judge T. Michael Putnam recommended that the motion be denied.[1] (Doc. 50). In doing so, he relies primarily on the opinion of the

---

[1]Document 50 is entitled "Memorandum Opinion," because, at the time it was entered, the magistrate thought that the parties had consented to jurisdiction. A subsequent order of the magistrate redesignated this document as a Report and Recommendation. (Doc. 53).

Eleventh Circuit Court of Appeals in *Stewart v. Baldwin Cnty. Bd. of Educ.*, 908 F.2d 1499 (11th Cir. 1990), which held that local school boards are not arms of the state. Because of that determination, the magistrate decided that it was "unnecessary to address the plaintiff's argument that Eleventh Amendment immunity does not apply to USERRA cases." (Doc. 50 at 2, n. 3).

On June 20, 2013, the defendants and the plaintiff separately objected to the recommendation. (Docs. 58, 59). The defendants argued that the magistrate incorrectly determined that they are not entitled to Eleventh Amendment immunity. (Doc. 58 at 3). The plaintiff "objects to the Magistrate Judge's statement, at page 4 of Doc. 50, that 'insofar as a private individual attempts to assert a claim under USERRA against the 'State (as an employer)' or against an 'arm of the state,' the Eleventh Amendment bars suit.'" (Doc. 59 at 2). The plaintiff also states:

> By deciding the Eleventh Amendment immunity without deciding the War Powers issue, the Magistrate Judge has decided one constitutional issue (immunity) that may not even apply if Plaintiff and the United States are correct that the War Powers Clauses prevents the application of the Eleventh Amendment. The Court should decide both constitutional issues – especially since the one constitutional provision will prevent applying the other.

(Doc. 59 at 2).

On July 12, 2013, the United States responded to the defendants' and the plaintiff's objections. (Doc. 64). That same day, the defendants and the plaintiff each

responded to the objections of the other. (Docs. 65, 66). The case was randomly referred to the undersigned to rule on the objections.

For the reasons stated herein, the objections to the magistrate's recommendation will be **OVERRULED**, the magistrate's recommendation will be **ADOPTED** and **ACCEPTED**, and the motion to dismiss will be **DENIED**.

## I. STANDARD

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).[2] The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the

---

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).[3]

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). It is incumbent upon the parties to timely raise any objections that they may

---

[3] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See, e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in *Stephens* and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and

would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (internal quotation marks omitted) (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## II.   ANALYSIS

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the objections thereto, and the responses to the objections, the court is of the opinion that the magistrate judge's report is correct.

The court expressly finds the opinion of the Eleventh Circuit Court of Appeals in *Stewart v. Baldwin Cnty. Bd. of Educ.*, 908 F.2d 1499 (11th Cir. 1990) to be on point, and binding on this court. Because *Stewart* held that a local school board is not an arm of the state for Eleventh Amendment purposes, and it has not been overruled, it is dispositive of this issue. The Board does not have Eleventh Amendment immunity.

Further, the court determines that the magistrate was correct in declining to reach the issue of whether Eleventh Amendment immunity applies to the USERRA. Once the magistrate correctly determined that the Board was not an arm of the state, and therefore was not entitled to Eleventh Amendment immunity, the issue became moot. The plaintiff has provided no authority for the proposition that a magistrate

must decide all alternative bases for relief before referring a matter to a district judge.

All objections to the report and recommendation are **OVERRULED**. The report and recommendation of the magistrate is hereby **ACCEPTED** and his recommendation is **ADOPTED** as the opinion of this court. The motion to dismiss is **DENIED**.

**DONE** and **ORDERED** this 14th day of August, 2013.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge